## WILLIAM F. LOTT v. HYMAN LEVENTHAL.

Submitted March 18, 1910—Decided June 13, 1910.

1. Where a demurrer is interposed to a declaration, the form and validity of the summons cannot thus be challenged.
2. To recover a penalty under the Timber act (*Gen. Stat.*, *p.* 3484) the action must be in contract.
3. In an action under the Timber act (*Gen. Stat.*, *p.* 3484) to recover a penalty for cutting trees, failure to aver in the declaration that the trees were cut without leave first had and obtained of the owner of the land is fatal.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the demurrant, *Heyman & Heyman.*

For the plaintiff, *R. M. J. Smith.*

The opinion of the court was delivered by

VOORHEES, J. To enforce a penalty of $8 per tree for cutting certain trees growing upon the plaintiff's lands, the plaintiff declared against the defendant in an action in tort, alleging the acts to be in violation of the Timber act. *Gen. Stat.*, *p.* 3484.

The defendant demurs to the declaration and specifies as a ground that the summons has not endorsed thereon the name of the prosecutor and the title of the statute on which the action is founded, as prescribed by section 219 of the Practice act.

The demurrer is interposed to the declaration, and as the process is no part of it, the form and validity of the summons cannot thus be challenged. Another ground of objection is that the form of the action is in tort, whereas, seeking the re-

covery of a penalty, it should have been brought in debt, that is, under the recent rule in contract.

This objection is in accordance with the decisions of this court in suits founded upon this statute and is good. *Cato* v. *Gill, Coxe* 11; *Crane's Case, Id.* 53.

Another ground asserted is that the declaration fails to aver that the trees were cut without leave first had and obtained of the owner of the land. This statute is highly penal, and has always been, and should be, strictly construed.

It was therefore incumbent upon the pleader to aver all the provisions of the statute upon which the right of recovery is based. The objection is fatal. *Miller* v. *Stoy, 2 South.* 476.

The defendant is entitled to judgment on the demurrer.